United States Courts
Southern District of Texas
FILED
NOV 17 2005
Michael N. Milby, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | § § § |
| *Plaintiff*, | § § CIVIL ACTION NO. |
| v. | § **H 05 3914** § |
| KENEXA TECHNOLOGY, INC., | § JURY TRIAL DEMANDED § |
| *Defendant*. | § § |

TO THE HONORABLE UNITED STATES DISTRICT COURT:

## NATURE OF THE ACTION

This is an action under the Age Discrimination in Employment Act to correct unlawful employment practices on the basis of age and to provide appropriate relief to applicant Deborah Nelms. As alleged in greater particularity below, Defendant, a Human Resources consulting and technology firm, refused to refer Ms. Nelms to its client for an interview for a Pharmaceutical Sales Representative position because of her age.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 7(b) of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 626(b) (the "ADEA"), which incorporates by reference Sections 16(c) and 17 of the Fair Labor Standards Act of 1938 (the "FLSA"), as amended, 29 U.S.C. §§ 216(c) and 217.

2. The employment practices alleged to be unlawful were and are now being committed within the jurisdiction of the United States District Court for the Southern District of Texas, Houston Division.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of the ADEA and is expressly authorized to bring this action by Section 7(b) of the ADEA, 29 U.S.C. § 626(b), as amended by Section 2 of Reorganization Plan No. 1 of 1978, 92 Stat. 3781, and by Public Law 98-532 (1984), 98 Stat. 2705.

4. At all relevant times, Defendant Kenexa Technology, Inc., ("Kenexa"), a Pennsylvania corporation, has continuously been doing business in the State of Texas and the City of Houston, and has continuously had at least 20 employees. Kenexa is a foreign business corporation doing business in the state of Texas and may be served with process by serving its registered agent, CT Corporation System, at 350 N. St. Paul Street, Dallas, Texas 75201.

5. At all relevant times, Defendant has procured employees for an employer and has been an employment agency within the meaning of Section 11(c) of the ADEA, 29 U.S.C. § 630(c).

## CONCILIATION

6. Prior to institution of this lawsuit, the Commission's representatives attempted to eliminate the unlawful employment practices alleged below and to effect voluntary compliance with the ADEA through informal methods of conciliation, conference and persuasion within the meaning of Section 7(b) of the ADEA, 29 U.S.C. § 626(b).

## STATEMENT OF CLAIMS

7. On or about October 2004, Defendant engaged in unlawful employment practices within the Southern District of Texas, in violation of Section 4(b) of the ADEA, 29 U.S.C. § 623(b). Defendant discriminated against Ms. Nelms, a qualified individual who was 51 years old at the time it refused to refer her for an interview with its client, because of her age.

8. The effect of the practices complained of in paragraph 7. above has been to interfere with and deprive Deborah Nelm's of equal employment opportunities and otherwise adversely affect her status as an applicant for employment because of her age.

9. Deborah Nelms was born on October 17, 1952.

10. On or about October 11, 2004, Ms. Nelms electronically submitted a cover letter and resume to Kenexa in response to a Pharmaceutical Sales Representative position which was posted on Monster.com.

11. Ms. Nelms's cover letter indicated that she lived in Tomball, Texas. Her resume did not include specific dates of former employment, but rather the total number of years worked for former employers.

12. Kenexa is a Human Resources consulting and technology firm which had an agreement with its client, a major pharmaceutical sales company, to assist with recruiting and staffing initiatives. Kenexa, *inter alia*, screened applicants for Pharmaceutical Sales Representative positions with and recommended finalists to the client for final interview.

13. The Monster.com posting indicated there were Pharmaceutical Sales Representative positions located in College Station, the Woodlands, Clearlake and Abilene, Texas. The "Job Description" section of the posting stated, "Bachelor's degree, preferably in Business or Life Sciences, plus a minimum of two years selling experience is required. In

3

addition, individual should be computer literate. Prior direct selling experience or other related experience is preferred, but not necessary."

14. On October 14, 2004, Tammy Shrader, a recruiter for Kenexa, contacted Ms. Nelms by telephone regarding the Pharmaceutical Sales Representative position that was available in College Station, Texas. Although Ms. Nelms had not applied for a specific location, she expressed her preference for the College Station position. Ms. Shrader and Ms. Nelms discussed Ms. Nelms's prior sales experience.

15. Ms. Shrader called Ms. Nelms again on October 14, 2005, and confirmed that Ms. Nelms was scheduled for an October 15, 2004, interview with the client pharmaceutical company. During this conversation, Ms. Shrader asked Ms. Nelms for the dates of her former employment and instructed her to submit a revised resume to Kenexa which included the specific dates. Ms. Nelms agreed to submit a resume which included the requested dates. Ms. Shrader also asked Ms. Nelms the date when she graduated from college, to which Ms. Nelms responded "1974." Ms. Shrader then advised Ms. Nelms to fill in as many dates as possible so as to not have gaps in her employment. Ms. Nelms reiterated her interest in the College Station position and her willingness to relocate, if necessary, to College Station, Texas for the position.

16. Ms. Nelms submitted a revised resume to Ms. Shrader which included specific dates of previous employment.

17. Ms. Shrader confirmed with Ms. Nelms that she received the revised resume. During this conversation, Ms. Nelms repeated her interest the College Station, Texas position.

18. During the afternoon of October 14, 2004, Ms. Shrader called Ms. Nelms and informed her that the October 15, 2004, interview with the client pharmaceutical company was

4

cancelled. Ms. Shrader said her manager insisted the sales representative live in College Station, Texas. Ms. Nelms repeated her willingness to relocate for the position to no avail.

19. Kenexa continued to screen applicants for the College Station, Texas position and referred less qualified, younger applicants to its client after it rejected Ms. Nelms.

20. The unlawful employment practices complained of in paragraphs 7-19 above were and are willful within the meaning of Section 7(b) of the ADEA, 29 U.S.C. § 626(b).

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant Kenexa Technology, Inc., its officers, successors, assigns and all persons in active concert or participation with it, from engaging in age discrimination in the screening and referral of applicants, any other employment practice which discriminates on the basis of age against individuals 40 years of age and older.

B. Order Defendant Kenexa Technology, Inc., to institute and carry out policies, practices and programs which provide equal employment opportunities for individuals 40 years of age and older, and which eradicate the effects of its past and present unlawful employment practices.

C. Grant a judgment requiring Defendant Kenexa Technology, Inc., to make whole Deborah Nelms by providing appropriate back wages, in an amount to be determined at trial, and an equal sum as liquidated damages, or pre-judgment interest in lieu thereof, and other affirmative relief necessary to eradicate the effects of Defendant's unlawful employment practices, including, but not limited to, rightful-place instatement of Deborah Nelms, or in the alternative, front pay.

D.  Grant such further relief as the Court deems necessary and proper in the public interest.

E.  Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Respectfully Submitted,

James L. Lee
Deputy General Counsel

Gwendolyn Young Reams
Associate General Counsel

Equal Employment Opportunity Commission
1801 L Street, N.W.
Washington, D.C. 20507

_____
Jim Sacher
Regional Attorney

_____
Rose Adewale-Mendes
Supervisory Trial Attorney

_____
Aimee L. McFerren
Attorney-in-Charge
KY Bar No.: 89912
S.D. of Tex. Bar No.: 36953
Houston District Office
1919 Smith Street, 7th Floor
Houston, Texas 77002-8049
(713) 209-3390
Fax: (713) 209-3402

ATTORNEYS FOR PLAINTIFF

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I(a) PLAINTIFFS**
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

**DEFENDANTS**
KENEXA TECHNOLOGY, INC.

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

United States Courts
Southern District of Texas
FILED
NOV 17 2005
Michael N. Milby, Clerk

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Aimee McFerren, Trial Attorney
EEOC-Houston District Office
1919 Smith Street, 7th Floor
Houston, Texas 77002
(713) 209-3390

ATTORNEYS (IF KNOWN)

H 05 3914

**II. BASIS OF JURISDICTION** (PLACE AN x IN ONE BOX ONLY)

[x] 1 U.S. Government Plaintiff
[ ] 2 U.S. Government Defendant
[ ] 3 Federal Question (U.S. Government Not a Party)
[ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business in This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business in Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

**IV. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)
Defendant engaged in unlawful employment practices in violation of Section 4(b) of the ADEA, 29 U.S.C. § 623(b). Defendant refused to refer a qualified individual for an interview with its client, because of her age.

**V. NATURE OF SUIT** (PLACE AN x IN ONE BOX ONLY)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | [ ] 610 Agriculture | [ ] 422 Appeal 28 USC 158 | [ ] 400 State Reapportionment |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 620 Other Food & Drug | [ ] 423 Withdrawal 28 USC 157 | [ ] 410 Antitrust |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 625 Drug Related Seizure of Property 21 USC 881 |  | [ ] 430 Banks and Banking |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander |  | **PROPERTY RIGHTS** | [ ] 450 Commerce/ICC Rates/etc |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | [ ] 630 Liquor Laws | [ ] 820 Copyrights | [ ] 460 Deportation |
| [ ] 151 Medicare Act | [ ] 340 Marine | [ ] 640 R R & Truck | [ ] 830 Patent | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 152 Recovery of Defaulted Student Loans (Excl Veterans) | [ ] 345 Marine Product Liability | [ ] 650 Airline Regs | [ ] 840 Trademark | [ ] 810 Selective Service |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 660 Occupational Safety/Health |  | [ ] 850 Securities/Commodities/Exchange |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product | [ ] 690 Other |  | [ ] 875 Customer Challenge 12 USC 3410 |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | **LABOR** | **SOCIAL SECURITY** | [ ] 891 Agricultural Acts |
| [ ] 195 Contract Product Liability | **PERSONAL INJURY** | [ ] 710 Fair Labor Standards Act | [ ] 861 HIA (1395ff) | [ ] 892 Economic Stabilization Act |
| **REAL PROPERTY** | [ ] 362 Personal Injury--Med Malpractice | [ ] 720 Labor/Mgmt Relations | [ ] 862 Black Lung (923) | [ ] 893 Environmental Matters |
| [ ] 210 Land Condemnation | [ ] 365 Personal Injury–Product Liability | [ ] 730 Labor/Mgmt Reporting & Disclosure Act | [ ] 863 DIWC/DIWW (405(g)) | [ ] 894 Energy Allocation Act |
| [ ] 220 Foreclosure | [ ] 368 Asbestos Personal Injury Product Liability | [ ] 740 Railway Labor Act | [ ] 864 SSID Title XVI | [ ] 895 Freedom of Information Act |
| [ ] 230 Rent Lease & Ejectment | **PERSONAL PROPERTY** | [ ] 790 Other Labor Litigation | [ ] 865 RSI (405(g)) | [ ] 900 Appeal of Fee Determination Under Equal Access to Justice |
| [ ] 240 Torts to Land | [ ] 370 Other Fraud | [ ] 791 Empl Ret Inc Security Act |  | [ ] 950 Constitutionality of State Statutes |
| [ ] 245 Tort Product Liability | [ ] 371 Truth in Lending |  | **FEDERAL TAX SUITS** | [ ] 890 Other Statutory Actions |
| [ ] 290 All Other Real Property | [ ] 380 Other Personal Property Damage |  | [ ] 870 Taxes (U S Plaintiff or Defendant) |  |
|  | [ ] 385 Property Damage Product Liability |  | [ ] 871 IRS--Third Party 26 USC 7609 |  |
|  | **CIVIL RIGHTS** | **PRISONER PETITIONS** |  |  |
|  | [ ] 441 Voting | [ ] 510 Motions to Vacate Sentence Habeas Corpus |  |  |
|  | [x] 442 Employment | [ ] 530 General |  |  |
|  | [ ] 443 Housing/Accommodations | [ ] 535 Death Penalty |  |  |
|  | [ ] 444 Welfare | [ ] 540 Mandamus & Other |  |  |
|  | [ ] 440 Other Civil Rights | [ ] 550 Other |  |  |

**VI. ORIGIN** (PLACE AN x IN ONE BOX ONLY)

[x] 1 Original Proceeding
[ ] 2 Removed from State Court
[ ] 3 Remanded from Appellate Court
[ ] 4 Reinstated or Reopened
[ ] 5 Transferred from another district (specify)
[ ] 6 Multidistrict Litigation
[ ] 7 Appeal to District Judge from Magistrate Judgment

**VII. REQUESTED IN COMPLAINT:** CHECK IF THIS IS A CLASS ACTION [ ] UNDER F R C.P. 23
DEMAND $
Check YES only if demanded in complaint:
JURY DEMAND: [X] YES [ ] NO

**VIII. RELATED CASE(S) IF ANY** (See instructions) JUDGE _____ DOCKET NUMBER _____

DATE 11/17/05  SIGNATURE OF ATTORNEY OF RECORD _Aimee L. McFerren_

UNITED STATES DISTRICT COURT